UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALL GLASS S.R.L.,

                              Plaintiff,    Civil Action No: 22-cv-7863 (MKV)

-v-

ARGLASS YAMAMURA SE, LLC,

                              Defendant.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT-COUNTERCLAIM PLAINTIFF ARGLASS YAMAMURA SE, LLC'S MOTION TO AMEND

Defendant-Counterclaim Plaintiff Arglass Yamamura SE, LLC ("Defendant," or "Arglass"), by and through its attorneys, respectfully submits this memorandum of law in support of its motion to amend its Answer and Counterclaim to the Complaint filed by Plaintiff-Counterclaim Defendant All Glass S.R.L. ("Plaintiff" or "All Glass") to assert a defense under 17 U.S.C. § 117(a).

## PRELIMINARY STATEMENT

This action centers around a contracted-for agreement between the parties for All Glass to provide certain glass manufacturing equipment to an Arglass facility in Valdosta, Georgia. On September 14, 2022, All Glass filed its initial Complaint against All Glass, alleging that Arglass had breached the contract at issue and asserting a claim for copyright infringement based on Arglass's modification of All Glass software used in operating the All Glass manufacturing equipment. ECF No. 1. On October 12, 2022, Arglass filed its Answer to the Complaint and counter-claimed for breach of contract. ECF No. 14.

Arglass now seeks to amend its Answer to assert an additional defense to All Glass's claim for copyright infringement under 17 U.S.C. § 117(a), which allows the owner of a copy of a

computer program to adapt, modify, or create a new copy of that program as "an essential step in the utilization of the computer program in conjunction with a machine," so long as that modification or additional copy is "used in no other manner." 17 U.S.C. § 117(a). A proposed Amended Answer is attached hereto as Exhibit A. All Glass has consented to the proposed Amendment. *See* Ex. B, Email from M. Forzano to J. Markham-Cameron, G. Mennitt, C. Bernardini, and E. Zamora Meraz (Feb. 22, 2023). This Court should grant Arglass's motion to amend its Answer and assert this defense, because such an amendment will not prejudice All Glass and because this motion is not brought by Arglass in bad faith.

## **ARGUMENT**

Arglass easily satisfies the liberal pleading standard for amending its answer. The Federal Rules of Civil Procedure recognize a party may need to amend its pleadings and, in order to avoid any prejudice to the requesting party, instructs courts to "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Under Second Circuit jurisprudence, courts grant leave to amend unless the nonmovant demonstrates prejudice or bad faith. *City of New York v. Group Health, Inc.*, 649 F.3d 151, 157 (2d Cir. 2011).

### **I.    The Requested Amendment Will Not Prejudice All Glass.**

Arglass's filing of an amended Answer would result in no prejudice to All Glass. The Second Circuit has found prejudice to exist when the proposed amendment would require the nonmovant to expend significant resources to conduct discovery, *see City of New York*, 649 F.3d at 158, or would unfairly surprise the nonmovant, *see Monahan v. New York City Dept. of Corrections*, 214 F.3d 275, 284 (2d Cir. 2000). Arglass's assertion of a defense under 17 U.S.C. § 117(a) would do neither, because Arglass's original Answer alleged an affirmative defense that Arglass did not infringe All Glass's software copyright because Arglass acted pursuant to express or implied license—a position that necessarily includes a 17 U.S.C. § 117(a) defense. ECF 14 at

5. In addition, Arglass's original Counterclaim specifically rejected "All Glass's view that its own licensee cannot make modifications essential to the continued functioning of the licensed product" and asserted that "nowhere does the contract state that Arglass may not modify the software," thereby making clear that Arglass intended to argue that it had the right to modify the software program in question. ECF 14 at 7. Given that Arglass already set forth this defense and seeks only to state it more clearly, the proposed amendment would not cause any changes to the existing discovery plan. Further, on February 16, 2023, Arglass notified All Glass that it intended to assert a defense under 17 U.S.C. § 117(a). Ex. C, Letter from G. Mennitt to C. Bernardini, E. Zamora Meraz, and M. Forzano (Feb. 16, 2023).

Because the proposed amendment would not force All Glass to expend significant additional resources in discovery and should come as no surprise, this factor favors granting Arglass's motion.

## II. <u>Arglass Submits Its Motion For Leave to Amend in Good Faith.</u>

Arglass seeks leave to amend its Answer in good faith. Its intended amendment is simply to clarify a preexisting defense, rather than assert something entirely new. The amendment will not delay ongoing discovery, and it is not intended as a dilatory tactic. The parties' deadlines for discovery and dispositive motion practice remain outstanding. Thus, even if the proposed amendment to Arglass's Answer were to create a need for additional discovery—and it does not—All Glass has plenty of time to seek any additional discovery from Arglass that may be required by the assertion of this defense. Therefore, because there is no evidence that Arglass brings the instant motion in bad faith, this factor favors granting the motion.

## **CONCLUSION**

For the foregoing reasons, Arglass respectfully requests that this Court grant its motion to amend its Answer to assert an additional defense under 17 U.S.C. § 117(a).

Dated: New York, New York
February 22, 2023

    **DECHERT LLP**

    By: */s/ Gary J. Mennitt*
        Gary J. Mennitt
        Jennifer Insley-Pruitt
        Ryan Strong

        Three Bryant Park
        1095 Avenue of the Americas
        New York, New York 10036
        Tel.: (212) 698-3500
        Fax: (212) 698-3599
        gary.mennitt@dechert.com
        jennifer.insley-pruitt@dechert.com
        ryan.strong@dechert.com

    *Attorneys for Defendant-Counterclaim Plaintiff Arglass Yamamura SE, LLC*